UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-10-GWU

JOANN CHAVIES, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Joann Chavies brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

08-10  Joann Chavies

       Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

    Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

08-10  Joann Chavies

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Joann Chavies, a 56-year-old woman with no past relevant work history and a "limited" education, suffered from impairments related to headaches, disorders of the back and depression.  (Tr. 19, 21).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 20).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 22).  The ALJ based this decision, in part, upon the testimony of a vocational expert.  (Tr. 21).

The court notes that very different time periods are relevant to Chavies' applications for DIB and SSI.  The plaintiff filed her DIB application on August 3, 2005 alleging a disability onset date of September 16, 1989.  (Tr. 46).  The ALJ determined that her DIB-insured status expired on December 31, 1991.  (Tr. 16).

08-10 Joann Chavies

Thus, the claimant must prove that she became disabled between these two dates to qualify for DIB. Chavies also filed for SSI on August 3, 2005. (Tr. 281). The proper inquiry in an application for SSI is whether the plaintiff was disabled on or after his application date. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993). Therefore, the time frame pertinent to the SSI claim runs from the August 3, 2005 filing date through the January 29, 2007 date of the ALJ's final decision.

The hypothetical question initially presented to Vocational Expert William Ellis included an exertional limitation to medium level work, restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ropes,[1] ladders or scaffolding; (2) a restriction to low stress work with no production quotas; (3) no need to read as a job requirement; (4) a "limited but satisfactory" ability to deal with co-workers, the public or supervisors; and (5) a "severely limited but not precluded" ability to handle stress. (Tr. 308). In response, Ellis identified a significant number of jobs which could still be performed. (Tr. 309). The ALJ then changed the exertional level to light. (Id.). The expert again identified a significant number of jobs which could be done. (Id.). Finally, the ALJ changed the mental restrictions for consideration to a "severely limited but not precluded" ability to relate to co-

---

[1]The transcript indicates "ramps" rather than "ropes" but this appears to have been a misprint.

workers, the public and stress in addition to the "severely limited but not precluded" ability to deal with work stress and a "limited but satisfactory" ability to handle simple instructions. (Tr. 311). Ellis reported that these changes would not reduce the previously cited job numbers. (Id.). The ALJ relied upon this information to support the denial decision.

Substantial evidence supports the ALJ's finding that Chavies was not disabled during the time period prior to December, 1991 pertinent to her DIB claim. No medical evidence dated from this time period was entered into the record. (Tr. 3-4). Even if one accepts that the evidence collected well after this time frame would "relate back" to before the date last insured, the plaintiff cannot prevail.

With regard to Chavies' physical condition, the court notes that she was examined by Dr. Jules Barefoot in October of 2005 who reported a diagnostic impression of musculoskeletal back pain, chronic cervical pain, a history of hypertension, and chronic headaches. (Tr. 143). The doctor found no sign of motor or sensory deficit. (Id.). Dr. Barefoot specifically reported that the claimant would have no impairment with regard to sitting, standing, moving about, lifting, carrying, and handling objects. (Tr. 144). Thus, this report does not indicate a totally disabling condition even well after the relevant time frame. Dr. James Ross reviewed the record and opined that it did not reveal the existence of a "severe"

physical impairment. (Tr. 213). These reports provide substantial evidence to support the administrative decision with regard to the plaintiff's physical condition.

Dr. Richard Stappenbeck opined in a November, 2006 letter that Chavies was "totally disabled." (Tr. 280). The doctor did not identify specific functional limitations. The ALJ rejected this disability opinion because this was an opinion reserved to the Commissioner and was unsupported by objective medical data. (Tr. 19). This action was appropriate. The federal regulations provide that statements from physicians asserting that a claimant is disabled or unable to work are not binding on the administration. 20 C.F.R. § 416.927(e)(1). The doctor merely stated that the patient had been under his care for a head and neck injury without identifying any objective medical data which would support a disability finding. (Tr. 280). Therefore, the court finds that Dr. Stappenbeck's opinion was properly rejected by the ALJ.

Chavies argues that the ALJ erred in rejecting the opinion of Stacy Mills, a nurse-practitioner. Mills identified a number of very severe physical restrictions on a Medical Assessment of Ability to do Work-Related Activities Form. (Tr. 276-279). The ALJ rejected this opinion in part because Mills was not an "acceptable medical source" under the federal regulations and because the opinion was not supported by sufficient objective medical data. (Id.). The plaintiff asserts that Social Security Ruling 06-03p required the ALJ to adopt this opinion. However, the undersigned

notes that this Ruling, while requiring the administration to <u>consider</u> the opinions of "medical sources" who are not "acceptable medical sources" under the federal regulations, does not make these opinions binding on the administration.  The federal regulations at 20 C.F.R. § 416.913 still indicate that the opinion of a source who is not an "acceptable medical source" is not controlling.  In the present action, the ALJ clearly considered the opinion of Mills and noted that it was not well supported by sufficient objective medical data.  The nurse-practitioner cited the claimant's subjective complaints as well as range of motion abnormalities in support of her limitations.  (Tr. 276-278).  This range of motion findings was contradicted by the findings of Dr. Barefoot, an "acceptable medical source" who noted a full range of motion in the cervical and lumbar spines as well as the shoulders, elbows, wrists, hips, knees, and ankles.  (Tr. 143).  Therefore, Mills's opinion was properly rejected.

The court notes that Dr. Jose Fernandez opined that Chavies would be limited to sedentary level work and that her pain was unpredictable and would result in her being unable to perform her job.  (Tr. 216).  The ALJ noted that Dr. Fernandez's treatment notes repeatedly indicated that the plaintiff's pain complaints were under good control as a result of her medication.  (Tr. 21).  This finding was appropriate.  (Tr. 243, 249, 254, 256, 261).  The claimant has not raised an issue concerning the ALJ's rejection of Dr. Fernandez's opinion.

With regard to her mental condition, Psychologists Larry Freudenberger (Tr. 162) and Ed Ross (Tr. 190) each reviewed the record and opined that the evidence was insufficient to establish the existence of a mental impairment prior to the date last insured. Psychologist James Leisenring examined the plaintiff in October of 2005 and diagnosed a dysthymic disorder and low average intelligence. (Tr. 139). The claimant would be "modestly" impaired in handling instructions and "significantly" impaired in responding to supervision, co-workers and work pressures. (Tr. 140). The mental factors considered by Ellis were compatible with this opinion. Thus, this opinion, well after the relevant time period, still does not indicate the existence of a totally disabling condition. The plaintiff carried the burden of establishing disabled status and she failed to meet it for this time period.

Dr. Fernandez identified a number of mental limitations. (Tr. 217-218). The doctor related these problems to Chavies' education and experience, vocational considerations outside his expertise. (Tr. 218). Furthermore, Dr. Fernandez's opinion was offset by that of Leisenring, a mental health professional. The administrative regulations provide that "we generally give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist." 20 C.F.R. § 416.927(d)(5). Therefore, this opinion was not binding on the ALJ.

08-10  Joann Chavies

The ALJ erred in failing to find that Chavies was disabled on her SSI application. The ALJ concluded that the plaintiff was limited to medium level work (Tr. 20) and the court's aforementioned review of the evidence indicates that this finding was well-supported, particularly with regard to the time period after the filing of the SSI application in August of 2005. As previously noted, the ALJ also determined that the plaintiff had a "limited" education and no past relevant work history. (Tr. 21). Based on the claimant's birth date noted in the record, she would have been 55 years old on the SSI filing date of August 3, 2005 making her of "advanced age" under the federal regulations. (Id.). The ALJ adopted Rule 203.11 of the Medical-Vocational Guidelines as a framework for the decision with regard to the time frame relevant to the SSI application to find Chavies not disabled. (Tr. 22). As noted by the plaintiff, this rule applies only to claimants who are of advanced age, have a limited education, and a history of unskilled work. However, the ALJ found Chavies to have <u>no past relevant work</u>. The claimant asserts that the proper rule for consideration during the time period pertinent to the SSI claim was 203.10 which mandates a finding of disabled status for one of advanced age, a limited education, and no past work history. The defendant has offered no arguments as to why Rule 203.10 should not have been applied in this action. Therefore, the court must agree with the plaintiff and find her disabled on the SSI application.

08-10  Joann Chavies

The undersigned concludes that the administrative decision should be affirmed with regard to the DIB claim and reversed and remanded for an award of benefits on the SSI claim.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22nd day of October, 2008.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**